IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MANUEL C. LOPEZ, on behalf of himself and all others similarly situated, | ) ) ) |
| **Plaintiff,** | ) ) |
| v. | ) ) 16 C 2539 |
| HALSTED FINANCIAL SERVICES, LLC, FIRST FINANCIAL INVESTMENT FUND HOLDINGS, LLC, and FIRST FINANCIAL PORTFOLIO SERVICES, LLC, | ) ) ) ) ) ) |
| **Defendants.** | ) ) |

## ORDER

Manuel Lopez, on behalf of himself and all others situated, has sued Halsted Financial Services, LLC, as well as First Financial Investment Fund Holdings, LLC and First Financial Portfolio Services, LLC (collectively referred to as First Financial) for violating the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* First Financial has moved for leave to file a cross claim against co-defendant Halsted Financial Services, LLC for indemnification. Halsted opposes the motion as untimely. For the following reasons, the Court grants the motion [101].

## STATEMENT

Federal Rule of Civil Procedure 13(g) provides that: "A pleading may state as a crossclaim any claim by one party against a coparty if the claim arises out of the transaction or occurrence that is the subject matter of the original action or of a counterclaim, or if the claim relates to any property that is the subject matter of the original action. The crossclaim may include a claim that the coparty is or may be liable to the cross-claimant for all or part of a claim asserted in the action against the cross-claimant." Fed. R. Civ. P. 13(g). "Because Rule 13(g) does not impose any time limitations on the filing of cross-claims, once the parties have filed their initial pleadings, any motion to amend those pleadings and file a cross-claim must be made pursuant to Federal Rule of Civil Procedure 15(a)." Applicable here is Rule 15(a)(2), which provides: "[A] party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Whether to allow a crossclaim is subject to judicial discretion. *See Blair v. Cleveland Twist Drill Co.*, 197 F.2d 842, 845 (7th Cir. 1952). Factors to consider include: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

      Cross claim Defendant Halsted has failed to establish any of the factors that would warrant denial of the motion for leave to file the crossclaim.  As an initial matter, there has not been undue delay.  Plaintiffs were permitted approximately five months to amend their pleadings and to add parties.  It would be unfair not to allow other parties approximately five months to do likewise.  Next, there has been no showing of bad faith or dilatory motive because First Financial promptly notified Halsted of the indemnification demand and only moved to file the crossclaim after Halsted failed to respond to that demand.  In addition, First Financial's motion is not brought as a result of repeated failures to cure deficiencies.  Furthermore, the indemnification crossclaim is not futile, but rather, is based on explicit terms of a contract between First Financial and Halsted.  Finally, Halsted will not be unduly prejudiced because the crossclaim is one that comes to no surprise to Halsted and will not necessitate significant additional discovery.  If Halsted determines that an extension of the February 28, 2017 discovery deadline is necessary, it may file the appropriate motion.  Accordingly, the Court exercises its discretion and grants the motion to file the crossclaim.

**IT IS SO ORDERED.**　　　　　　　　　**ENTERED:  February 8, 2017**

_____
**John Z. Lee**
**United States District Judge**