IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MANUEL LOPEZ, JR., on behalf of himself and all other similarly situated, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | 16 C 2539 |
| HALSTED FINANCIAL SERVICES, LLC, FIRST FINANCIAL INVESTMENT FUND HOLDINGS, LLC, and FIRST FINANCIAL PORTFOLIO SERVICES, LLC, | ) ) ) ) ) ) | Judge John Z. Lee |
| Defendants. | ) | |

**ORDER**

Plaintiff Manuel Lopez, individually and on behalf of a putative class, has sued Defendants for alleged violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.* On December 16, 2016, Magistrate Judge Mary M. Rowland granted Plaintiff's motion to compel production of call data and class-related information and documents responsive to his Second Set of Interrogatories Nos. 2–3 and his Second Set of Requests for Production Nos. 5–6. Defendant Halsted Financial Services, LLC ("Halsted") objects to Judge Rowland's ruling. For the reasons provided below, the Court overrules Halsted's objections [90] and adopts the ruling in full.

**STATEMENT**

The Court reviews a magistrate judge's order on a nondispositive pretrial matter only to determine whether it is "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a). Under this standard, a district court "can overturn the magistrate judge's ruling only if the district court is left with the definite and firm conviction that a mistake has been made." *Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 943 (7th Cir. 1997). Thus, an objecting party must satisfy a

heavy burden in persuading the Court to modify the magistrate judge's ruling. *Finwall v. City of Chi.*, 239 F.R.D. 504, 506 (N.D. Ill. 2006).

Parties may obtain discovery regarding any non-privileged matter that is "relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). "For the purpose of discovery, relevancy is construed broadly . . . ." *Murillo v. Kohl's Corp.*, No. 16-CV-196-JPS, 2016 WL 4705550, at *2 (E.D. Wis. Sept. 8, 2016).

In support of its objection, Halsted first argues that the requested call data is not proportional to the needs of the case. Specifically, Halsted contends that the requested data would include arguably first-time, wrong-number calls, which are protected under a July 2015 order issued by the Federal Communications Commission. This argument is unpersuasive. Interrogatory No. 3 clearly asks Halsted to identify of recipients of calls "*after* a 'Wrong Number' notation was made in your records" which knocks out first-time, wrong-number calls. Halsted further argues that the requested data is not proportional to the needs of the case because debtors lie when reporting that a wrong number has been dialed. No doubt incorrect data exist in every company's data systems, and under Halsted's reasoning, this would be reason enough to preclude discovery into databases in every case. This is not the law. *See Ossola v. Am. Express Co.*, 13 C 4836, 2015 WL 5158712, at *9 (N.D. Ill. Sept. 3, 2015) (observing that every large database includes improperly coded data and that the inclusion of such data is an insufficient reason to prevent discovery of the database itself).

Halsted next claims that Magistrate Judge Rowland's order should be overruled because Plaintiff lacks "standing" to seek the requested discovery. In a nutshell, Halsted contends that Plaintiff cannot seek certification of a class of individuals who received calls from Halsted "using an artificial or prerecorded voice," because there is no evidence that Plaintiff received such a message. Of course, it bears mentioning that, in his complaint, Plaintiff has alleged that Halsted or one of its agents had called him using a pre-recorded voice message to collect a debt from a person unknown to and unrelated to Plaintiff, *see* Am. Class Action Compl. ¶ 16, ECF No. 51, and such allegations sufficiently state a claim for a violation of the TCPA. *See Wilkes v. CareSource Mgmt. Group Co.*, No. 4:16-CV-038 JD, 2016 WL 7179298, at *3 (N.D. Ind. Dec. 9, 2016) (listing cases); *see also Cholly v. Uptain Group, Inc.*, No. 15 C 5030, 2017 WL 449176, at *2 (N.D. Ill. Feb. 1, 2017).

Nevertheless, Halsted invites the Court to review the merits of Plaintiff's claim as part of (or before) its consideration of Plaintiff's request for class certification. And the district court certainly has the discretion to do so, but Plaintiff has a different view of the underlying facts, and considering the totality of the pleadings and factual record in this case, the Court believes it would be prudent to assess such arguments in the context of a motion for class certification. In short, nothing in the record persuades the Court that Magistrate Judge Rowland's order was clearly erroneous or contrary to law.

To be clear, this is not to say that the proposed classes will satisfy the requirements of Rule 23(a) or Rule 23(b)(3). The requirements of commonality, typicality, adequacy and predominance have teeth. But, on this record, the Court believes that Magistrate Judge Rowland's decision to allow class discovery so that these issues can be more fully explored and presented in the context of a certification motion was eminently reasonable.

Lastly, Halsted claims that producing the discovery at issue will be unduly burdensome. But Magistrate Judge Rowland found that, because Plaintiff has offered to incur the costs of having a database expert review the database and perform the necessary searches, the burden upon Halsted would be minimized. The Court finds no fault in this conclusion.

For all of these reasons, the Court overrules Halsted's objections to Magistrate Judge Rowland's December 16, 2016 Order [90] and adopts it in full.

**Dated:** 2/28/17  /s/ John Z. Lee