IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MANUAL LOPEZ, JR., on behalf of himself and all others similarly situated, | : <br> : Case No. 16-cv-2539 |
| Plaintiff, | : <br> : <br> : Hon. Judge John Z. Lee |
| v. | : <br> : |
| HALSTED FINANCIAL SERVICES, LLC, FIRST FINANCIAL INVESTMENT FUND HOLDINGS, LLC and FIRST FINANICAL PORTFOLIO SERVICES, LLC. | : <br> : <br> : <br> : |
| Defendants. | : |

**FIRST FINANCIAL'S RESPONSE TO HALSTED FINANCIAL SERVICES, LLC'S RULE 56.1(b)(3)(C) STATEMENT OF ADDITIONAL MATERIAL FACTS**

1. From on or about March 2011 through early January 2014, IASIS Healthcare Corp. ("IASIS"), the owner of Davis Hospital & Medical Center (Layton, Utah), and the original creditor, was attempting to recover the underlying debt from Plaintiff. *Plf.'s Amd. Compl. ⁋ 19, ECF No. 51*; *Ex. 4 to Halsted Sur-Reply to Plf.'s Motion to Compel Class Discovery, ECF No. 87-4 at pp. 2-7*.

**RESPONSE**: Admit.

2. First Financial purchased the Plaintiff's underlying debt from IASIS on or about January 2014. *First Financial Ans. to Amd. Compl., ⁋ 20, ECF No. 62; Ex. 4 to Halsted Sur-Reply to Plf.'s Motion to Compel Class Discovery, ECF No. 87-4 at p. 6 ("account sold to 3rd Party")*.

**RESPONSE**: Admit.

3. In January 2014, First Financial hired Stoneleigh Recovery Associates, LLC ("Stoneleigh"), a collection agency based in Lombard, Illinois to assist in recovering amounts allegedly owed to First Financial. *Stoneleigh Subpoena Rsp., Grp. Ex. 1 to Glass Aff., Ex. A*.[1]

1

**RESPONSE**: Admit.

4. On behalf of First Financial, Stoneleigh attempted to contact the Plaintiff on or about January 21, 2014 by dialing Plaintiff's cell number 210-429-4106. *Id.; Plf.'s Interrogatory Ans., ¶ 5, ECF No.83-4.*

**RESPONSE**: Admit.

5. On January 21, 2014, Plaintiff informed Stoneleigh, First Financial's collection agent, that Plaintiff never received services from the Utah hospital creditor and that Plaintiff was a victim of identity fraud. *Stoneleigh Subpoena Rsp., Lopez00010, Grp. Ex. 1 to Glass Aff.*

**RESPONSE**: Objection. First Financial denies this statement because there is no admissible evidence to support this statement.

6. Plaintiff also informed IASIS, the original creditor, on or about January 21, 2014, that he had never been to Utah or treated at the underlying creditor hospital. *IASIS 000175, Ex. 4 to Halsted's Sur-Reply to Plf.'s Motion to Compel Class Discovery, ECF No. 87-4.*

**RESPONSE**: Objection. First Financial denies this statement because there is no admissible evidence to support this statement.

7. First Financial recalled Plaintiff's account from Stoneleigh on June 12, 2014 and placed the account with Halsted. *Id., Glass Aff., ¶¶ 8-9, Ex. A.*

**RESPONSE**: Admit.

8. At no time prior to the filing of this lawsuit did First Financial or Stoneleigh ever inform Halsted that Plaintiff previously contacted Stoneleigh or IASIS in January 2014 and notified them that Plaintiff never had an account with or received treatment from Davis Hospital & Medical Center in Layton, Utah. *Id., ¶¶ 7-8; Navanandan Aff., ¶¶ 10-11, Ex. B.*

2

**RESPONSE**: Admit. Answering further, First Financial never had any indication that Plaintiff contacted Stoneleigh or IASIS in January 2014 and notified them that Plaintiff never had an account or received treatment from Davis Hospital & Medical Center in Layton, Utah. *See*, Ex. 1 to D.E. 181, Lopez Account History FFPS 00002-FFPS00003.

9. At no time prior to the filing of this lawsuit did First Financial or Stoneleigh ever inform Halsted that Plaintiff previously contacted Stoneleigh and IASIS in January 2014 and advise them Plaintiff was the victim of identity fraud. *Id.*

**RESPONSE**: Admit.

10. Halsted first contacted Plaintiff on or about June 4, 2015, approximately seventeen (17) months after Plaintiff alerted First Financial, via Stoneleigh, that Plaintiff's account was the product of identity fraud. *Halsted Ans. to Cross-Claim ¶ 7, ECF No. 131; Ex. 1 to Halsted Sur-Reply to Plf.'s Motion to Compel Class Discovery, ECF No. 87-1.*

**RESPONSE**: Denied.

11. At the time of Halsted's first contact with the Plaintiff, Halsted had no knowledge that Plaintiff had previously disputed the debt to both Stoneleigh and IASIS and had informed Stoneleigh that he (Plaintiff) was the victim of identity fraud. *Glass Aff., ¶ 15; Navanandan Aff., ¶¶10-11 Ex. B.*

**RESPONSE**: Objection. First Financial denies this statement because there is no admissible evidence to support this statement.

12. Had First Financial, Stoneleigh or IASAS informed Halsted that Plaintiff had disputed the underlying debt and advised that his identity had been compromised, Halsted would not have telephoned Plaintiff in June 2015. *Id., ¶ 16; Navanandan Aff., ¶¶12-13, Ex. B.*

**RESPONSE**: Admit.

13. During the pendency of this lawsuit, Plaintiff never produced an audio recording or any documents that purport to show Halsted contacting Plaintiff by telephone. *Halsted Sur-Reply to Plf.'s Motion to Compel Class Discovery* ¶¶ 8,9.

**RESPONSE**: Denied. An audio recording between Halsted and Plaintiff was produced by Halsted in this lawsuit.

14. Plaintiff never wrote to Halsted to notify it that he was not responsible for the underlying debt and any call(s) Plaintiff received did not cause Plaintiff to exceed his allotted monthly cell phone minutes. *Plf.'s Rsp. to Def.'s Requests for Admissions,* ¶¶ 2, 11, ECF No. 83-4.

**RESPONSE**: Admit.

15. Halsted denies violating the Telephone Consumer Protection Act (TCPA) or ever calling Plaintiff's cell phone with a pre-recorded or autodialed telephone system. *Halsted's Ans. to Cross-Claim,* ¶¶ 1, 8, 13, ECF No.131; *Halsted's Ans. and Aff. Defenses to Plf.'s Amd. Compl., ECF. No. 61 at 15.*

**RESPONSE**: Admit.

16. Halsted's Cross-Claim affirmative defenses of laches, contributory negligence, waiver and unclean hands remain pending. *Halsted's Ans. and Aff. Defenses to Plf.'s Amd. Compl., ECF No. 61 at 5.*

**RESPONSE**: Admit.

17. The April 10, 2014 Agency Collection and Servicing Agreement (see Def.'s Rsp. to First Financial's LR 56.1(a)(3) Statement at ¶ 2 above) provides that Georgia law governs. *Agreement* ¶ 25(a), Ex. A to Cross-Claim, ECF No. 110-1 at 12.

**RESPONSE**: Admit.

4

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | FIRST FINANCIAL INVESTMENT FUND HOLDINGS, LLC and FIRST FINANCIAL PORTFOLIO SERVICES, LLC |
| **February 20, 2019** | /s/ Stephanie Strickler<br>Stephanie Strickler #6314089<br>Messer Strickler, Ltd.<br>225 W. Washington Street, Suite 575<br>Chicago, IL 60606<br>(312) 334-3469<br>(312) 334-3473 (FAX)<br>*sstrickler@messerstrickler.com*<br>*Attorney for Defendant* |

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 20th day of February 2019, a true and accurate copy of the foregoing was filed with the Clerk of Court using the ECF system which will send notification of such filing to the attorneys of record.

/s/ Stephanie Strickler
Stephanie Strickler #6314089
Messer Strickler, Ltd.
225 W. Washington Street, Suite 575
Chicago, IL 60606
(312) 334-3469
(312) 334-3473 (FAX)
*sstrickler@messerstrickler.com*
*Attorney for Defendant*
